FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUN 23 P 3: 21

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CURTIS WEDO POOLE,

    Petitioner,

v.

    CIVIL ACTION NO. CV204-213

DONALD EDWARD BARROW, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Curtis Wedo Poole ("Poole"), an inmate currently incarcerated at Lowndes State Prison in Valdosta, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 challenging his conviction in the Superior Court of Camden County. Respondent filed an Answer-Response and a Motion to Dismiss. Poole has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Poole was indicted on June 9, 2003, in Camden County, Georgia, for possession of cocaine, possession of marijuana, and driving with a suspended license. On September 15, 2003, Poole entered a plea of guilty to both possession counts. Poole received a sentence of 15 years, 5 to serve, on the marijuana count and a 12 month sentence on the cocaine charge, to be served concurrently with his sentence on the marijuana count.

Count 3 of the indictment was dismissed. (Resp't's Ex. 1.) Poole filed a direct appeal with the Georgia Court of Appeals, and that court affirmed Poole's convictions and sentences by Order dated August 5, 2004. Poole v. State, No. A04A1039 (unpublished). Poole filed the instant petition on December 29, 2004.

Respondent asserts that Poole's petition should be dismissed because he has failed to exhaust his available state remedies. Respondent also asserts that Poole failed to establish any valid reason why he should not have to satisfy the exhaustion requirement.

## DISCUSSION AND CITATION OF AUTHORITY

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C.A. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.A. § 2254(c). In Georgia, "[a]ny person restrained of his liberty as a result of a sentence imposed by any state court of record may seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(c).

The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review

process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847, 119 S. Ct. 1728, 1730, 1732, 144 L. Ed. 2d 1 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845, 119 S. Ct. at 1732. This exhaustion requirement also extends to a state's collateral review process. Pope v. Rich, 358 F. 3d 852, 854 (11th Cir. 2004) (citing Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003)). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004).

Poole asserts in his petition that his trial counsel provided ineffective assistance because counsel: 1) induced Poole to enter a guilty plea; 2) failed to investigate the affidavit and incident reports concerning Poole's driver's license; 3) failed to investigate all possible lines of defense; 4) failed to investigate the condition of the road where the officer claimed Poole swerved; 5) failed to examine the traffic citation Poole was issued; 6) failed to investigate the laws governing an officer's authorization to conduct a traffic stop; 7) failed to make a determination of the actual stop; 8) failed to discuss a videotape of the stop with Poole; 9) failed to investigate a "plausible line of facts"; 10) failed to maintain a positive relationship with Poole; 11) failed to investigate the officer's report; 12) failed to request an evidentiary hearing; 13) violated Poole's due process rights by requesting a speedy trial; 14) failed to file a motion to suppress; 15) failed to retrieve fingerprints from a cigarette box; 16) failed to challenge testimony regarding Poole's arrest; and 17) failed to protect Poole, who had been singled out by local authorities. Poole also asserts that: 1) his conviction was obtained by the use of evidence gathered during an unlawful arrest and

3

unlawful search and seizure; 2) his guilty plea was unlawfully induced or not made voluntarily with an understanding of the nature of the charges and the consequences of pleading guilty; 3) his conviction was obtained to avoid a longer sentence; 4) he was denied his right to due process of law; 5) he was denied the right to have a deposition hearing; and 6) he was denied his right to have evidence suppressed. (Pet'r's Mem.)

Although the evidence of record reveals that Poole filed a direct appeal, this evidence does not reveal that Poole filed a petition for writ of habeas corpus with the appropriate State court before filing the instant petition. Poole alleges that "the reason why [he] didn't exhaust remedies is the court would delay the time frame it requires to file within two year [sic] of [his] violation." (Doc. No. 13, p. 5.) This is not a valid reason to excuse Poole's failure to file a petition for writ of habeas corpus in the State court system. Poole's direct appeal was denied by Order dated August 5, 2004, and his Motion for Reconsideration was denied by Order dated August 11, 2004. (Doc. No. 13, p. 46.) Poole has sufficient time in which to file a petition for writ of habeas corpus with the appropriate State court, as he is permitted to do under Georgia law. See O.C.G.A. § 9-14-1(c). It is only after the Georgia courts have been able to address Poole's claims that Poole can file a petition in this court pursuant to section 2254. Poole has not exhausted his state remedies.

AO 72A
(Rev. 8/82)

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 9) be **GRANTED**, and Poole's petition, filed pursuant to 28 U.S.C.A. § 2254, be **DISMISSED**, without prejudice, due to Poole's failure to exhaust his state remedies.

**SO REPORTED** and **RECOMMENDED** this 25th day of June, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)